THE PEOPLE OF PUERTO RICO, Petitioner, *v.* THE DISTRICT COURT OF HUMACAO, Respondent.

No. 295.   Argued June 11, 1934.—Decided July 18, 1934.

*L. Janer Landrón, Assistant Prosecuting Attorney,* for petitioner. *J. Valldejuli Rodríguez* for intervener, defendant in the criminal case that gave rise to the petition.

MR. JUSTICE ALDREY delivered the opinion of the Court.

A complaint was filed against Carmelo Rosario in the Municipal Court of Caguas for having committed the crime of aggravated assault and battery on the person of Luis Arroyo in that city. The defendant filed a motion sworn to by him alleging that due to the state of public opinion in Caguas, the granting of justice, a fair and impartial trial could not be obtained because, the personal and political influences are such that they will necessarily weigh in the

opinion of the court; that the judge of this court is not entirely free from these influences, and that according to his information and belief there is the rumor that should he be acquitted he will be assaulted and battered, and that to avoid this the action should be removed to the nearest municipal court, which is that of Río Piedras, and that should the court be of the opinion that the case should not be removed to the Municipal Court of Río Piedras or to that of any other municipal district, then that the judge of the court refrain from hearing the case. That motion was decided by the court refusing the change of venue because the defendant did not offer any evidence in behalf of his contention in spite of the fact that he was given an opportunity to do so, but the judge of the court inhibited himself from hearing the case.

Another judge was appointed to substitute the one inhibited, and complainant Luis Arroyo again prayed for the removal of the case to another city or district that would not be affected by the public opinion in Caguas and would not prejudice the defendant (*sic*) and to spare his father from hearing his name mentioned unnecessarily. On that same day of the motion the district attorney, Miguel García González, filed another motion containing a full statement of the proceedings in the case, and stating that upon being called to trial the attorney for the defendant filed again his motion for a change of venue and the complainant filed the aforestated motion, that the district attorney agreed to appear together in the record and pray the court to grant the change of venue prayed for by the complainant, and urging that the removal be ordered to the Municipal Court of Fajardo. The defendant agreed in writing to the motion of the district attorney. On that same date the court decreed the removal of the cause to Fajardo having before it the agreement of the parties signed by the district attorney and by the attorney for the defendant. After the trial of the cause in that court wherein judgment of conviction was rendered, this appeal was taken to the District Court of Humacao.

When the case was called in that court for a trial *de novo* by virtue of the appeal, as provided by law, the People of Puerto Rico appeared through the District Attorney and the defendant through its attorney. After the complaint was read and the defendant pleaded not guilty, the court, *motu proprio,* held that the Municipal Court of Caguas lacked authority to remove the case to the Municipal Court of Fajardo because the requisites of the law to that effect had not been complied with since no evidence was offered, and, therefore, that said Municipal Court of Fajardo had no jurisdiction to hear the case and that the judgment was null and void, wherefore he ordered the record returned to the Municipal Court of Caguas for further proceedings.

Several months later the Assistant Fiscal of this Supreme Court on behalf of the Attorney General of this Island, filed a petition wherein he set forth the stated facts and requested us to issue a writ of mandamus against the District Court of Humacao, Hon. R. Arjona Siaca, Judge, ordering him to annul the order and to take cognizance of the case until final adjudication thereof. The writ was conditionally issued and we ordered that defendant Carmelo Rosario or his attorney as well as the Municipal Court of Caguas should be notified in case they wished to intervene in this proceeding. The District Judge of Humacao and Carmelo Rosario have appeared before us and they allege that the writ should not issue.

In view of the decision and the order object of this appeal it can be readily inferred from them that the District Court of Humacao considered itself without jurisdiction to decide the appeal taken from the Municipal Court of Fajardo to that district Court because it had not been properly removed to that court.

The first question to be decided is whether we have authority to issue a writ of *mandamus,* which is denied by the respondents and the intervener Carmelo Rosario.

Where a court declines jurisdiction by mistake of law erroneously deciding as a matter of law, and not upon the

facts, that it has no jurisdiction, and either declines to proceed or dismisses the case, the general rule is that a mandamus to hear the case will lie from any higher court having appellate jurisdiction, unless there is a specific and adequate remedy by appeal, writ of error, or other method of review. 38 C.J. 610, citing cases in note 79. In the instant case the ordinary remedy of appeal is not available against the decision of the district court object of this proceeding, because the District Attorney is not allowed under Section 348 of the Code of Civil Procedure to appeal from such a decision. For this reason we can review the decision of the court of Humacao in this writ of mandamus.

■ The Caguas Court was not bound because of the statements of the parties to decree the change of venue nor to remove the case to the court agreed upon by the District Attorney and the defendant (*People* v. *Paz,* 12 P.R.R. 98). For that reason we are to understand that the Municipal Court of Caguas ordered the removal of the case because it was thoroughly satisfied that the facts set forth by the verified motion, and agreed to by the district attorney, were such that the case should be removed to another court. In other words, the facts in the petition were thus admitted by the District Attorney. And furthermore, that it was of the opinion that the venue should not be established in Río Piedras because the motion of the District Attorney to have it removed to Fajardo made a showing objecting to the Río Piedras Court.

In view of these conclusions we are of the opinion that the District Court of Humacao through its judge R. Arjona Siaca should be ordered to take jurisdiction over the appeal taken by Carmelo Rosario from the judgment of the Municipal Court of Fajardo that convicted him, and to decide it.